# MEMORANDUM OPINION

No. 04-08-00089-CV

**IN RE** Gene **BUENTELLO**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:        Alma L. López, Chief Justice
                Catherine Stone, Justice
                Phylis J. Speedlin, Justice

Delivered and Filed:   March 26, 2008

PETITION FOR WRIT OF MANDAMUS DENIED

In this mandamus proceeding, relator Gene Buentello requests a writ of mandamus directing the trial court to consider and rule on his motions to enforce the terms and conditions of possession and access to his child in the underlying family law matter. A party seeking mandamus relief must show: (1) the trial court had a legal duty to act, (2) there was a demand for performance, and (3) there was a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

A trial court has a ministerial duty to consider and rule on a motion, within a reasonable time, that is properly filed and pending before the court. *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268,

---

[1] This proceeding arises out of Cause No. 2003-EM5-06320, styled *In the Interest of M.O., a Minor Child*, pending in the 225th Judicial District Court, Bexar County, Texas, the Honorable Peter A. Sakai presiding.

269 (Tex. App.—San Antonio 1997, orig. proceeding). However, a trial court is not required to consider and rule on a motion unless it is called to its attention. *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding). Showing that a motion was filed with the district clerk does not constitute proof that the motion was brought to the attention of the trial court. *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Attached to Buentello's mandamus petition are documents showing he has filed three enforcement motions and one hearing request with the district clerk. However, merely filing a document with the district clerk does not impute knowledge to the trial court. *See In re Davidson*, 153 S.W.3d at 491; *In re Chavez*, 62 S.W.3d at 228. To make a demand for performance, Buentello must set his motions for hearing in the presiding district court of Bexar County in accordance with the local rules. *See* BEXAR COUNTY (TEX.) CIV. DIST. CT. LOC. R. 5A; *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

For purposes of mandamus review, Buentello has not established there was a proper demand for performance and a refusal to act by the trial court. Accordingly, Buentello is not entitled to mandamus relief. Buentello's mandamus petition is denied.

PER CURIAM