**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 6, 2011.**



In The

# Fourteenth Court of Appeals

———————

**NO. 14-11-00824-CR**
**NO. 14-11-00825-CR**

———————

**IN RE VICTOR J. TUGWELL, Relator**

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1219410 & 1219411**

## M E M O R A N D U M   O P I N I O N

On September 22, 2011, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, has not ruled on his motion requesting the court to make written rulings on all motions filed in his pending cases for intoxication manslaughter and intoxication assault.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App.

2007) (orig. proceeding).   Consideration of a motion that is properly filed and before the court is a ministerial act.   *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).   A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so.   *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

To establish that the trial court refused to rule on a pending motion, the relator must provide a record that shows that the relator asked the trial court for a hearing and a ruling on his motion and the trial court refused to hold a hearing and to rule.   *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).   Simply showing that a motion was filed with the clerk does not constitute proof that the motion was brought to the trial court's attention or that it was presented to the trial court with a request for a ruling.   *Id.*; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

Relator has not provided this court with a copy of the motion about which he complains.   He also has not established that the motion was properly filed and that the trial court was asked to rule on it but failed to do so.   It is relator's burden to provide this court with a record sufficient to establish his right to relief.   *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a).

Accordingly, we deny relator's petitions for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.
Do Not Publish — Tex. R. App. P. 47.2(b).