

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-12-00158-CR
_____

### IN RE:
### RALPH SCOTT

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Ralph Scott, by petition for writ of mandamus, asks us to compel the trial court to rule on a motion for speedy trial Scott claims to have filed.[1] Because Scott has not provided this Court any documentation establishing that the motion was filed in the trial court or brought to that court's attention for its action, we deny the requested relief.

When a petition for writ of mandamus is made, it is the relator's burden to show entitlement to the relief being requested. *See generally Johnson v. Fourth Dist. Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition a certified, sworn copy of every document filed in the underlying proceeding that is material to the claim for relief, together with a properly authenticated transcript of any relevant testimony from any underlying proceeding and any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter. TEX. R. APP. P. 52.7(a).

Further, relators seeking issuance of a writ of mandamus must show (1) a legal duty for the trial court to perform, (2) a demand on the trial court to perform that duty, and (3) the trial court's refusal to act. *See Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979) (orig. proceeding). A court is not required to consider a motion not called to its attention. *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with the clerk for the trial court does not establish that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

---

[1]Scott filed another petition for writ of mandamus—under the name Raphael Scott—earlier this year, which we denied. *See In re Scott*, cause number 06-12-00123-CR.

Scott has not attached certified, sworn copies of motions and correspondence referenced in his petition. While Scott has attached a copy of a motion for speedy trial, the copy bears no file-mark showing it was filed in the trial court. Scott has also failed to show that he demanded that the trial court rule on his motion or that the trial court refused to rule. Without a sufficient record showing Scott is entitled to the relief sought, we cannot act. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding) (mandamus denied where relator failed to include certified, sworn copies of motion and failed to demonstrate demand on trial court).

We deny the petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice


Date Submitted:     October 3, 2012
Date Decided:       October 4, 2012

Do Not Publish