

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00225-CV

IN RE TOM CASTILLEJA, RELATOR

Original Proceeding

June 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, Tom Castilleja, has filed his petition for writ of mandamus in which he asks this Court to issue a writ of mandamus directing Respondent, the Honorable John J. McClendon III, presiding judge of the 137th District Court, to rule on Relator's motions for post-conviction DNA testing and for discovery. We will deny Relator's petition.

Availability of Mandamus

To be entitled to mandamus relief, a relator must show that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act, one not involving a discretionary or judicial decision. *State ex rel.*

*Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Generally, a relator bears the burden to properly request and show entitlement to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding). Additionally, a relator must establish the following: (1) a legal duty to perform, (2) a demand for performance, and (3) a failure or refusal to act. *In re Guetersloh*, 326 S.W.3d 737, 740 (Tex. App.—Amarillo 2010, orig. proceeding) (per curiam); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding) (citing *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding)).

To that end, a relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Davidson*, 153 S.W.3d at 491; *see also* TEX. R. APP. P. 52.3(k) (specifying required contents for appendix), 52.7(a)(1) (providing that relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). "Even a *pro se* applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam).

2

Analysis

Relator maintains that Respondent has failed to consider and rule on his motions that have been pending since sometime in February 2014.[1] Relator also correctly points out that a trial court has a ministerial duty to rule on properly filed motions within a reasonable time. *See O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex. App.—Tyler 1993, orig. proceeding) (per curiam). However, from the appendix with which we have been provided, it is not clear when or whether these motions were ever received or properly filed. In fact, the copies provided to us bear no file stamp at all from the district clerk's office, and no other document in the appendix confirms that the motions were received or filed. *See In re Mendez*, No. 07-13-00201-CV, 2013 Tex. App. LEXIS 9329, at *3 (Tex. App.—Amarillo July 29, 2013, orig. proceeding) (per curiam) (citing *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding)); *In re Molina*, 94 S.W.3d 885, 886 (Tex. App.—San Antonio 2003, orig. proceeding) (per curiam). We see that Relator purportedly sent letters to the district clerk's office and the administration office in an apparent effort to check on the status of these motions.

---

[1] We observe that, while Relator complains that Respondent has not ruled on the motions at issue, Relator has also mentioned in a brief, one-sentence declaration that Respondent, the Honorable John J. McClendon III, the current presiding judge of the 137th District Court, should recuse himself from the matter because Respondent represented Relator in 2004 in trial court cause number 2004-407,067 and on direct appeal of Relator's resulting murder conviction in appellate cause number 07-06-00062-CR. Our records confirm that such is the case. Relator does not develop this issue in any way to suggest that he presents the matter for this Court's consideration in the instant petition.

However, we note that the existence of such facts alone demonstrates that Respondent is disqualified from acting as the presiding judge over such matters raised in connection with Relator's original conviction when Respondent was Relator's counsel in those proceedings. *See* TEX. CONST. art. V, § 11 ("No judge shall sit in any case . . . when the judge shall have been counsel in the case."); TEX. CODE CRIM. PROC. ANN. art. 30.01 (West 2006) ("No judge or justice of the peace shall sit in any case where he . . . has been of counsel for the State or the accused . . . ."). Therefore, Relator would be prohibited by law from considering and acting on the motions as Relator now requests that he be compelled to do.

3

However, those letters suffer the same infirmity: no indicia that they were received or filed by the respective addressees.

Further, even if we were to presume that the motions were filed, nothing in the record before us indicates that the motions have been presented to Respondent. *See In re Villarreal*, 96 S.W.3d at 710 (noting that a relator must demonstrate that trial court was aware of the document at issue); *In re Chavez*, 62 S.W.3d at 228 (observing that filing a document with the district clerk does not mean the trial court knows of the document and that clerk's knowledge is not imputed to the trial court). We cannot fault Respondent for failing to act when he is or was unaware of the need to act. *See In re Johnson*, No. 07-13-00342-CV, 2013 Tex. App. LEXIS 13334, at *3 (Tex. App.— Amarillo Oct. 28, 2013, orig. proceeding) (per curiam); *In re Villarreal*, 96 S.W.3d at 710.

Relator has failed to provide this Court with a file-marked copy of his motions or any other records to demonstrate that his motions were properly filed and were presented to the trial court before which the motions have remained pending for an unreasonable length of time. Consequently, we cannot determine whether his motions were properly filed or, even assuming that they were, the date on which they were received by either the district clerk's office or Respondent. We, then, are left without the means to determine whether Relator's motions have been pending for an unreasonable amount of time. *See In re Chavez*, 62 S.W.3d at 228 (observing that trial court has a reasonable time within which to perform ministerial duty of considering and acting upon properly filed motions). In the absence of an appendix containing the required documents, Relator has failed to sufficiently show that Respondent had a legal duty to

4

perform, that Relator made an adequate demand for performance, and that Respondent has failed or refused to act. *See id.*

By failing to provide the necessary documents to support his allegations, Relator has not only failed to comply with the rules of procedure governing mandamus but has also failed to provide us a record sufficient to enable us to assess his contentions. *See In re Villarreal*, 96 S.W.3d at 710. That being so, Relator has failed to present this Court with a record sufficient to demonstrate that he is entitled to the extraordinary relief requested. *See Walker*, 827 S.W.2d at 837; *In re Davidson*, 153 S.W.3d at 491.

## Conclusion

Accordingly, we deny Relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a); *see also In re Molina*, 94 S.W.3d at 886.

Per Curiam