# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-16-00092-CV
NO. 03-16-00150-CV

**In re Markus A. Green**

**ORIGINAL PROCEEDINGS FROM TRAVIS COUNTY**

# M E M O R A N D U M   O P I N I O N

In each of the above causes, relator Markus A. Green, an inmate proceeding pro se, has filed a petition for writ of mandamus, asking this Court to direct the district court below to rule on motions that Green claims were filed with that court in November and December 2015. According to Green, these motions relate to a pending "petition for bill of review" that he has filed in the court below.

To be entitled to mandamus relief, a relator must establish that: (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial.[1] "'[C]onsideration of a motion properly filed and before the court is ministerial.'"[2] When a mandamus petition is based on an allegation that a

---

[1] *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

[2] *Hill*, 34 S.W.3d at 927 (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (op. on reh'g)).

trial court has failed to rule on a properly filed motion, the relator will not be entitled to mandamus relief unless he establishes that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time.[3]

What is considered a reasonable amount of time depends on the circumstances of each case.[4] No bright-line rule demarcates the boundaries of a reasonable time period.[5] "Many indicia are influential, not the least of which are the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first."[6] "So too must the trial court's inherent power to control its own docket be included in the mix."[7] Moreover, the relator has the burden to provide us with a record sufficient to establish his right to mandamus relief.[8]

Here, Green has provided us with copies of motions that were dated November 14, 2015, approximately five months ago, and December 22, 2015, approximately four months ago. Even assuming that the district court received the motions shortly after those dates, four and

---

[3] *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

[4] *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding).

[5] *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

[6] *Id*.

[7] *Id*.

[8] *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding).

five months does not ordinarily constitute an unreasonable length of time for a motion to remain pending.[9] Moreover, Green has failed to provide this Court with any documentation indicating when the motions were actually filed with the district court or whether the district court was asked to rule on the motions but refused to do so. On this record, we cannot conclude that Green is entitled to the extraordinary relief requested. Accordingly, in each cause, we deny the petition for writ of mandamus.[10]

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Bourland

Filed:   April 19, 2016

---

[9] *See, e.g.*, *Blakeney*, 254 S.W.3d at 662-63 (delay of between five to seven months not unreasonable based on circumstances of that case); *Villarreal*, 96 S.W.3d at 711 (concluding that five-month delay is not per se unreasonable); *Bates*, 65 S.W.3d at 136 (six-month delay from date of filing of motions and seven-week delay from date of bringing motions to court's attention not considered unreasonable); *see also In re Halley*, No. 03-15-00310-CV, 2015 Tex. App. LEXIS 7188, at *4-5 (Tex. App.—Austin July 14, 2015, orig. proceeding) (delay of either four months or six months not unreasonable); *In re Moffitt*, No. 07-13-0041-CV, 2013 Tex. App. LEXIS 1650, at *3 (Tex. App.—Amarillo Feb. 20, 2013, no pet.) (per curiam) (delay of between five and six months not unreasonable); *In re Hernandez*, No. 03-13-00002-CV, 2013 Tex. App. LEXIS 569, at *3-4 (Tex. App.—Austin Jan. 17, 2013, orig. proceeding) (approximately five-month delay not unreasonable); *In re Garrett*, No. 07-09-0336-CV, 2009 Tex. App. LEXIS 8933, at *6-7 (Tex. App.—Amarillo Nov. 18, 2009, no pet.) (delay of between four and five months not unreasonable).

[10] *See* Tex. R. App. P. 52.8(a).