NO. 07-04-0040-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 19, 2004

______________________________

IN RE BILLY BOB DAVIDSON, RELATOR

_________________________________

Before JOHNSON, C.J., and QUINN and CAMPBELL, JJ.

OPINION

Relator Billy Bob Davidson seeks a writ of mandamus ordering respondent, the Honorable Jim Bob Darnell, Judge of the 140
th
 
District Court of Lubbock County, to rule on a motion to obtain records and transcript.  We deny the petition. 

On January 30, 2004, relator filed with the clerk of this court a pleading entitled Petition for Writ of Mandamus.  Relator alleges that respondent has failed to act on relator’s motion filed with the trial court clerk.  We are requested to direct respondent to rule on relator’s motion, and, in the alternative, to order that relator be furnished a copy of his records and a transcript of his trial.  

In support of the petition for writ of mandamus, relator attached (1) unsworn copies of a letter he purportedly sent to the trial court clerk filing his motion and requesting that it be presented to “the attention of the court”; and (2) a copy of the motion allegedly sent to the trial court clerk.  No other document or record of proceedings is attached to or furnished in support of the petition. 

           When petition for writ of mandamus is made, it is the relator’s burden to show entitlement to the relief being requested.  
See
 
generally
 
Johnson v. Fourth District Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  Relator must file with the petition a certified sworn copy of every document that is material to relator’s claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of.  
Tex. R. App.
 P. 52.7(a).

Moreover, relators seeking issuance of a writ of mandamus must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  
See
 
Stoner v. Massey
, 586 S.W.2d 843, 846 (Tex. 1979).
  A court is not required to consider a motion not called to its attention.  
Metzger v. Sebek
, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied).  Showing that a motion was filed with the court clerk does not 
constitute proof that the motion was brought to the trial court’s attention or presented to the trial court with a request for a ruling.  
See
 
In re Chavez
, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001) (orig. proceeding). 

Relator has not attached certified, sworn copies of motions and correspondence referenced in the petition.  Nor has relator shown that demand has been made upon respondent for action on the alleged motion filed with the trial court clerk, or that respondent has refused to act.  Relator has not presented a record which shows entitlement to the relief sought, or upon which we are authorized to act.

The petition for writ of mandamus is denied.

Phil Johnson

Chief Justice

Brian Quinn 

          Chief Justice

Do not publish.