

## NUMBER 13-12-00271-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

### IN RE ERNEST ALVA

### On Petition for Writ of Mandamus

## MEMORANDUM OPINION

### Before Chief Justice Valdez, Justice Rodriguez, and Justice Garza
### Memorandum Opinion Per Curiam

Relator, Ernest Alva, has filed a petition for writ of mandamus requesting that this Court compel respondent, the presiding judge of the 347th Judicial District Court of Nueces County, Texas, to grant his motion for judgment nunc pro tunc requesting that his 2003 judgment of conviction be reformed to reflect that he was convicted of a second-degree felony enhanced to a first-degree felony.[1] The following documents are

---

[1] The 2003 judgment states merely that relator was convicted of a first-degree felony. In fact, relator pleaded guilty to burglary of a habitation, a second-degree felony, *see* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011), which was enhanced to a first-degree felony because relator had been convicted of felony possession of cocaine in 2000. *See id.* § 12.42(b) (West 2011). Relator does not cite any authority establishing that a judgment of conviction must state not only the enhanced degree of the felony for which the defendant was ultimately convicted, but also the pre-enhancement degree of the offense. We note that the code of criminal procedure requires only that the judgment state the "degree of offense for which the defendant was convicted." TEX. CODE CRIM. PROC. ANN. art. 42.01, § 14 (West 2011). In light of our conclusion that relator has not shown that he requested a ruling on his motion for judgment nunc pro tunc, we need not decide whether the judgment was in fact defective. *See* TEX. R. APP. P. 47.1.

attached to relator's petition: (1) a copy of the judgment convicting relator, dated October 13, 2003, and (2) a copy of the motion for judgment nunc pro tunc, dated March 3, 2011.

Having examined and fully considered the petition for writ of mandamus, this Court is of the opinion that relator has not met his burden to obtain mandamus relief. To obtain such relief for the trial court's refusal to rule on a motion, a relator must establish that: (1) the motion was properly filed and has been pending for a reasonable period of time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Although relator claims that his motion for judgment nunc pro tunc was filed on March 3, 2011, the copy of the judgment attached to his petition does not contain a clerk's file stamp, and the petition for writ of mandamus is not verified. Even if we were to trust relator's assertion that the motion was in fact filed on March 3, 2011, there is nothing attached to relator's petition establishing that relator requested a ruling on a motion. Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *In re Hearn*, 137 S.W.3d at 685; *In re Chavez*, 62 S.W.3d at 228.

For the foregoing reasons, relator's petition for writ of mandamus is DENIED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).
Delivered and filed the
1st day of May, 2012.

2