# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00193-CV

### In re Zenon Sam Puentes

### ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Zenon Sam Puentes, an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52.1.[1]  Puentes seeks mandamus relief from this Court concerning a district judge's denial of his motions for "intra loan statement of facts and transcription" and to compel.  He asks for a 30-day loan of the transcripts from his trial.

"To be entitled to mandamus relief, the relator must show that:  (1) he has no adequate remedy at law, and (2) what he seeks to compel is a ministerial act." *In re State ex rel. Tharp*, No. AP-76,916, 2012 Tex. Crim. App. LEXIS 1549, at *5 (Tex. Crim. App. Nov. 14, 2012) (citing *Bowen v. Carnes,* 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)).  It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding);

---

[1] Puentes also moves for this Court to grant him leave to file his petition.  A motion for leave to file a petition for writ of mandamus is not required when a petition for writ of mandamus is filed with this Court.  *See* Tex. R. App. P. 52.1.

*see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Davidson*, 153 S.W.3d at 491; *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Puentes states that the district judge denied his motions in February and in October 2012. However, he has failed to provide this Court with a copy of the purported motions or any other documents to show that the district judge was presented with properly filed motions and then denied those motions. Consequently, Puentes has not presented a record sufficient to establish that he is entitled to mandamus relief.[2] *See also In re Lucio*, No. 03-12-00056, 2012 Tex. App. LEXIS 1486, 2012 WL 593533, at *3–4 (Tex. App.—Austin Feb. 23, 2012, org. proceeding) (mem. op.) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything showing that district court refused to rule on motion). Accordingly, we deny Puentes's petition for writ of mandamus.

---

[2] Puentes attached a trial court's order to his petition. The order, dated in August 2011, denies his application for post conviction writ of habeas corpus. Article 11.07 of the code of criminal procedure vests complete jurisdiction over post-conviction relief from final felony convictions in the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2012) (procedures for application for writ of habeas corpus). To the extent Puentes seeks mandamus relief from this Court concerning an 11.07 application for writ of habeas corpus, we have no jurisdiction to grant Puentes relief.

2

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   April 3, 2013