# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00229-CV

**In re Charles Hamilton, Jr.**

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Charles Hamilton, Jr., an inmate in the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52.1. Hamilton seeks mandamus relief from this Court concerning a motion that he alleges that he filed with the Travis County District Court. He lists the district clerk, the district court coordinator, and a district court judge as the respondents.

To the extent that he seeks mandamus relief against the district clerk and court coordinator, we have no jurisdiction to grant Hamilton relief. This Court's mandamus jurisdiction is expressly limited to: (1) writs against a district court judge or county court judge in this Court's district, and (2) all writs necessary to enforce our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221. Thus, we have no jurisdiction to issue a writ of mandamus against a district clerk or a district clerk coordinator unless necessary to enforce our jurisdiction. *See id.*; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). Hamilton has not demonstrated that the exercise of our writ power against the clerk or court coordinator is necessary to enforce our jurisdiction.

As we stated above, we have jurisdiction to issue writs against a district judge. In his petition, Hamilton asserts that the district judge did not comply with article 2.21 of the code of criminal procedure and that he has failed to file relator's motion within a reasonable time. *See* Tex. Code Crim. Proc. Ann. art. 2.21 (West Supp. 2012) (listing duties of district clerk). Hamilton attached two letters to his petition addressed to the district judge. In the first letter dated January 30, 2013, he advised the judge that he filed a motion to obtain an exhibit with the district clerk and court coordinator, and he asked the judge to advise him of the filing date. In the second letter dated February 4, 2013, he advised the judge that he filed the motion in July 2012 but that he had not received a response from the court. He asked the judge to file the motion and to inform him of the filing date.

"To be entitled to mandamus relief, the relator must show that: (1) he has no adequate remedy at law, and (2) what he seeks to compel is a ministerial act." *In re State ex rel. Tharp*, No. AP-76,916, 2012 Tex. Crim. App. LEXIS 1549, at *5 (Tex. Crim. App. Nov. 14, 2012) (citing *Bowen v. Carnes,* 343 S.W.3d 805, 810 (Tex. Crim. App. 2011)). It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Davidson*, 153 S.W.3d at 491; *see also* Tex. R. App. P. 52.3(k) (specifying required contents for appendix), 52.7(a) (relator

2

must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding").

Hamilton states that the district judge has not responded to his requests. However, he has failed to provide this Court with a copy of the purported motion or authority to support that the judge has failed to comply with a ministerial duty. Consequently, Hamilton has not presented a record sufficient to establish that he is entitled to mandamus relief. *See also In re Lucio*, No. 03-12-00056, 2012 Tex. App. LEXIS 1486, 2012 WL 593533, at *3–4 (Tex. App.—Austin Feb. 23, 2012, org. proceeding) (mem. op.) (mandamus relief denied because relator failed to provide copy of motion, any correspondence to district court requesting ruling on motion, or anything showing that district court refused to rule on motion). Accordingly, we deny Hamilton's petition for writ of mandamus.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed:   April 30, 2013

3