

**NUMBER 13-14-000260-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE MARKUS A. GREEN**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Markus Antonius Green, proceeding pro se, filed a petition for writ of

mandamus in the above cause on May 8, 2014.[2] Through this original proceeding, relator

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator has had other appeals and original proceedings in this Court. *See, e.g., Green v. State*, Nos. 13-14-00169-CR & 13-14-00170-CR, 2014 WL 1514167 (Tex. App.—Corpus Christi Apr. 17, 2014, no pet.) (per curiam) (mem. op., not designated for publication); *In re Green*, No. 13-14-000208-CR, 2014 WL 1457819 (Tex. App.—Corpus Christi Apr. 9, 2014, orig. proceeding) (per curiam) (mem. op., not designated for publication); *Green v. State*, No. 13-13-00649-CR, 2014 WL 346025 (Tex. App.—Corpus Christi Jan. 30, 2014, no pet.) (per curiam) (mem. op., not designated for publication). Relator also has three additional pending appeals, each styled *Markus Antonius Green v. State*, in our cause numbers 13-13-00544-CR, 13-13-00545-CR, and 13-13-00546-CR, as well as several petitions for writ of mandamus,

1

seeks to compel the trial court to: (1) award relator jail time credit; (2) notify the Texas Department of Criminal Justice—Institutional Division regarding relator's jail time credit; (3) award relator monetary compensation for time incarcerated in excess of that required by his sentence; and (4) enter an order terminating relator's sentence as fully and completely discharged.

To be entitled to mandamus relief, relator must establish both that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding); *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young*, 236 S.W.3d at 210.

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*."* *See generally* Tex. R. App. P. 52.3. The relator must also file an appendix and record

---

*see In re Green*, Nos. 13-14-00250-CR, 13-14-00251-CR, 13-14-00252-CR, 13-14-00253-CR, and 13-14-00254-CR.

sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the foregoing requirements, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of May, 2014.