

# NUMBER 13-14-00455-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE RODRIGO MARTINEZ JR.

## On Petition for Writ of Mandamus

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Benavides**
**Memorandum Opinion Per Curiam[1]**

Relator, Rodrigo Martinez Jr., filed a petition for writ of mandamus, a motion for leave to file the petition for writ of mandamus, and a request for an emergency stay in the above cause on August 11, 2014. Through this original proceeding, relator seeks to compel the disqualification of the Hidalgo County Criminal District Attorney and his staff

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

from prosecuting relator for theft in trial court cause number CR-2152-12-G, currently pending in the 370th District Court.[2]

To be entitled to mandamus relief, the relator must show: (1) that he has no adequate remedy at law, and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

A remedy at law, though it technically exists, "may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate, or ineffective as to be deemed inadequate." *Greenwell v. Ct. of App. for the Thirteenth Jud. Dist.*, 159 S.W.3d 645, 648–49 (Tex. Crim. App. 2005) (orig. proceeding). The act sought to be compelled must be a ministerial act that does not involve a discretionary or judicial decision. *State ex rel. Young*, 236 S.W.3d at 210. The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought. *In re State ex rel. Weeks*, 391 S.W.3d at 122. A clear right to relief is shown when the facts and circumstances dictate but one rational decision "under unequivocal, well-settled (*i.e.*, from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Bowen v. Carnes*, 343 S.W.3d 805, 810 n.6 (Tex. Crim. App. 2011); *see In re State ex rel. Weeks*, 391 S.W.3d at 122.

It is the relator's burden to properly request and show entitlement to mandamus relief. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992,

---

[2] The respondent in this original proceeding is the Honorable Linda Reyna Yañez, who is sitting in the 370th District Court of Hidalgo County as a visiting judge.

2

orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record." *See generally* Tex. R. App. P. 52.3. In this regard, it is clear that relator must furnish an appendix or record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

In the instant case, relator has failed to provide any citations to appropriate authority regarding disqualification and has not filed an appendix or a record. Accordingly, the Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See State ex rel. Young*, 236 S.W.3d at 210. Relator's petition for writ of mandamus is DENIED. *See* Tex. R. App. P. 52.8(a). Relator's request for an emergency stay of the underlying proceedings is likewise DENIED. The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave to file an original proceeding, and thus relator's motion for leave to file the petition for writ of mandamus is DISMISSED as moot. *See generally* Tex. R. App. P. 52 & cmt.

PER CURIAM

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
12th day of August, 2014.

3