# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00432-CV

### In re John Arick Coleman

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator John Arick Coleman was convicted of capital murder and sentenced to life without parole. *See Coleman v. State*, No. 03-10-00173-CR, 2010 WL 4367003, at *1 (Tex. App.—Austin Nov. 5, 2010, no pet.) (affirming judgment of conviction). He has filed a pro se petition for writ of mandamus asking this Court to compel the Honorable Fancy H. Jezek, presiding judge of the 426th Judicial District Court of Bell County, to order Relator's trial attorneys to relinquish his client files to him or to hold the attorneys in contempt for failing to do so. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. We deny the petition.

In his petition, Relator asserts that he has repeatedly asked his attorneys to give him his files but they have refused, even after he contacted the State Bar of Texas. Relator also asserts that he filed a motion asking Respondent to compel his attorneys to comply with his request and contends that Respondent's failure to act as requested is a failure to perform a ministerial duty.

It is Relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex.

App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In this regard, any relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, no pet.); *see also* Tex. R. App. P. 52.7(a) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.3(k) (specifying required contents for appendix), 52.7(a) (specifying required contents for record). Here, Relator has failed to provide this Court with any record whatsoever. Thus, he has failed to demonstrate his entitlement to mandamus relief.

Moreover, even had Relator provided some sort of record supporting the assertions in his petition, he would still not be entitled to relief. To obtain mandamus relief in a criminal case, a relator must demonstrate that (1) he has no other adequate legal remedy to redress the alleged harm, and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *In re State ex rel. Weeks*, 391 S.W.3d 117, 121–22 (Tex. Crim. App. 2013). With respect to the requirement that the act sought to be compelled is purely ministerial, the relator must have a "clear right to the relief sought," meaning that the merits of the relief sought are "beyond dispute." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013). Contrary to his assertion, the acts Relator seeks to compel are not ministerial acts. In fact, the very case Relator relies on to establish

2

entitlement to his attorneys' client files also demonstrates that the trial court does not have the authority, let alone a ministerial duty, to enter the orders Relator seeks.[1] *See id.* at 705, 710.

Relator's petition for writ of mandamus is denied.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Filed:  August 19, 2014

_____

[1] In *McCann*, upon motion of defendant's habeas counsel, the trial judge ordered trial counsel to relinquish his former client's trial file to habeas counsel. *In re McCann*, 422 S.W.3d 701, 703 (Tex. Crim. App. 2013).  Based on his understanding that his client did not want the file turned over, and lacking his client's authorization to relinquish the file, trial counsel refused to relinquish the file.  *Id.*  The trial judge subsequently entered an order holding trial counsel in contempt for failing to relinquish the file.  *Id.*  Trial counsel sought mandamus relief from the court of criminal appeals.

The court of criminal appeals reaffirmed that "a client owns his or her trial file." *Id.* at 710. Thus, we do not disagree with Relator's contention that he is entitled to his client file from his trial attorneys.  However, in conditionally granting mandamus relief, the court in *McCann* concluded that the trial judge "did not have the authority (inherent or otherwise) to order [trial counsel] to violate his fiduciary duty to [his client]" and "did not have the authority to enforce that order by holding [trial counsel] in contempt for failing to relinquish the file." *Id.*  The court observed that "[n]either order issued by the trial judge in this case was issued to enforce its jurisdiction, and we have not been directed to, nor are we aware of, any inherent or explicit authority authorizing the trial court to enter such orders." *Id.* at n.22.  Thus, the court determined that trial counsel had a clear right to relief. *Id.* at 711. Consequently, *vacating* the trial judge's unauthorized, and therefore unlawful, orders was a "purely ministerial act." *Id.*