In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-15-00375-CR
_____

IN RE MARVIN HOLMES

_____

Original Proceeding
Criminal District Court of Jefferson County, Texas
Trial Cause No. 08-04992-A
_____

MEMORANDUM OPINION

Relator Marvin Holmes filed a *pro se* petition for writ of mandamus, in which he complains that the trial court did not respond to his request for "nunc pro tunc relief." Holmes did not include a file-stamped copy of the motion to which the trial court allegedly failed to respond, nor does he describe his efforts to secure a ruling on his motion. "'A [trial] court is not required to consider a motion that is not called to its attention.'" *Metzger v. Sebek*, 892 S.W.2d 20, 49 (Tex. App.—Houston [1st Dist.] 1994, writ denied) (quoting *Greenstein, Logan & Co. v. Burgess Mktg., Inc.*, 744 S.W.2d 170, 179 (Tex. App.—Waco 1987, writ denied)).

1

"Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling." *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

Holmes has failed to demonstrate that his motion was properly filed and that he brought his motion to the trial court's attention. Holmes has not demonstrated that he is clearly entitled to mandamus relief from this Court. *See State ex rel Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (To demonstrate entitlement to a writ of mandamus, a relator must establish that the trial court failed to perform a ministerial duty, and that relator has no other adequate legal remedy.). Accordingly, we deny relief on the petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on September 29, 2015
Opinion Delivered September 30, 2015
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.