# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00788-CV

**Thomas A. Jamison and Thomas E. Lowe, Appellants**

**v.**

**Lake Travis Inn and RV Park, Brenda Horton, Ronnie March, and Suzy March, Appellees**

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-16-003787, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellees Lake Travis Inn and RV Park, Brenda Horton, Ronnie March, and Suzy March (collectively, the Park) gave appellant Thomas A. Jamison and his son Thomas E. Lowe (the Plaintiffs) written notice requesting that they vacate the lot on which they were living in a recreational vehicle. Jamison and Lowe vacated the property and later sued the Park, asserting causes of action for "Unlawful Eviction," "Unlawfully withholding Security Deposit," "Harassment," "Intentional infliction of emotional distress," and "Fraud." Following a bench trial,[1] the trial court signed a final judgment ordering that the Plaintiffs take nothing on their claims and that the Park

---

[1] The Plaintiffs represented themselves at the bench trial and on appeal. We note that, while we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). To do otherwise would give pro se litigants an unfair advantage over litigants represented by counsel. *See id.* at 185.

take nothing on its counterclaim for attorney's fees.[2] In four appellate issues, the Plaintiffs complain that the trial court abused its discretion in not granting them a pre-trial conference, that the trial court did not admit all of their evidence or allow them to fully represent themselves at trial, that the trial court was not fair and impartial, and that the trial court erred in not recognizing a landlord-tenant relationship between the Park and the Plaintiffs. We will affirm the trial court's final judgment.

## DISCUSSION

**Issue 1**

In their first issue, the Plaintiffs contend that the trial court abused its discretion in refusing to provide them with a pre-trial conference. Whether to hold a pre-trial conference is in the trial court's discretion. *See* Tex. R. Civ. P. 166. The record before us contains no indication that the Plaintiffs ever asked for a pre-trial conference until they asserted in their motion for new trial that the trial court should have granted them one. Therefore, we conclude that the trial court did not abuse its discretion in not holding a pre-trial conference. Accordingly, we overrule the Plaintiffs' first issue.

**Issue 2**

In their second issue, the Plaintiffs contend that the trial court erred in failing to consider some of their pleadings and in refusing to admit some of the evidence they offered. We will address each of these pleadings and pieces of evidence in turn.

---

[2] The Park has not appealed the trial court's denial of fees.

2

First, the Plaintiffs complain that the trial court never ruled on their motion for summary judgment. However, nothing in the record before us indicates that the Plaintiffs ever attempted to have their motion set for a hearing. Therefore, we cannot conclude that the trial court committed reversible error in not ruling on the Plaintiffs' motion for summary judgment. *See Goodman v. Doss*, No. 13-15-00079-CV, 2016 WL 455328, at \*3 (Tex. App.—Corpus Christi Feb. 4, 2016, no pet.) (mem. op.) ("Here, Goodman did not request or set a hearing on his motions to compel discovery, did not obtain a ruling on any of his motions, and did not file either an affidavit explaining the need for further discovery or a verified motion for continuance prior to the summary judgment. Accordingly, Goodman failed to preserve error, if any.") (citations omitted); *In re Archer*, No. 05-15-00020-CV, 2015 WL 128579, at \*2 (Tex. App.—Dallas Jan. 9, 2015, orig. proceeding) (mem. op.) ("A court is not required to consider a motion that has not been properly called to its attention. The duty to procure a hearing rests on the moving party, not upon the trial judge. A judge's failure to set a motion for hearing, when not asked to make such a setting, is not an abuse of discretion.") (citations omitted); *Corona v. Pilgrim's Pride Corp.*, 245 S.W.3d 75, 84–85 (Tex. App.—Texarkana 2008, pet. denied) ("Corona failed to preserve any error for our review. It was Corona's responsibility to request a hearing and obtain a ruling on the motion to transfer venue. Corona waived any issue concerning venue by not requesting a hearing or ruling.") (citation omitted); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding) ("A court is not required to consider a motion not called to its attention. Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.") (citation omitted).

The Plaintiffs also assert that the trial court ignored their "Motion to Disqualify Attorney," "Memorandum of Law," and "Motion to Take Judicial Notice." However, the Plaintiffs filed these documents after the trial court had signed the final judgment. Moreover, nothing in the record before us indicates that the Plaintiffs requested a hearing on these documents. Therefore, we cannot conclude that the trial court committed reversible error in not ruling on them.

In addition, the Plaintiffs argue that they "should have been permitted to submit every piece of evidence that they attempted to submit" at the bench trial and complain that the trial court excluded some of their evidence. Specifically, the Plaintiffs complain that the trial court refused to admit a "discharge paper from Austin Oaks Hospital" and "a video tapped [sic] recording of a conversation between Appellant Thomas Jamison and Appellee." We review the admission or exclusion of evidence under an abuse-of-discretion standard. *See Southwestern Energy Prod. Co. v. Berry-Helfand*, 491 S.W.3d 699, 716 (Tex. 2016); *Banks v. Bank of Am., N.A.*, No. 03-16-00046-CV, 2017 WL 1832489, at *3 (Tex. App.—Austin May 4, 2017, no pet. h.) (mem. op.). The Plaintiffs offered these items after resting their case, and they have not provided any legal argument concerning their admissibility. Therefore, we cannot conclude that the trial court abused its discretion in excluding this evidence.

The Plaintiffs also complain that the trial court refused to admit a "HUD Housing Complaint." When the Plaintiffs offered this document, the Park objected on the basis of relevance and hearsay, and the trial court sustained the objection. On appeal, the Plaintiffs argue that this document "should have been considered as evidence that Appellants['] claims of threats to evict due to visits from the Mental Health Expanded Mobile Crisis Unit and Travis County Sherriff's [sic]

4

Deputies were true." However, the Plaintiffs have not challenged the trial court's conclusion that the document was inadmissible hearsay. Moreover, even if the document was admissible, the Plaintiffs have not explained how they were harmed by its exclusion. *See* Tex. R. App. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.").

Finally, the Plaintiffs argue that the "Trial Court ignored the timing of the eviction that occurred immediately after discharge of Appellant Thomas Lowe from the psychiatric hospital as evidence supporting claims of discrimination for mental illness" and that the trial court "did not even wait for the department of HUD to conclude [its] investigation to deny relief to Appellants." However, the Plaintiffs have not cited any legal authorities or otherwise explained why these alleged actions constitute reversible error. Specifically, the Plaintiffs have not directed our attention to any authority holding that the trial court was required to "wait for the department of HUD to conclude [its] investigation" before the court could rule on the Plaintiffs' claims.

Finding no reversible error in the Plaintiffs' second issue, we overrule it.

**Issue 3**

In their third issue, the Plaintiffs contend that the trial court's actions demonstrated bias and "extreme prejudice" against the Plaintiffs. In support of this contention, the Plaintiffs allege that: (1) the trial court allowed two attorneys to represent the appellees even though the Plaintiffs did not have any notice that a second attorney would be appearing; (2) the trial court did

not allow Lowe "to speak and assist in representing himself as a Pro Se Litigant"; (3) the trial court instructed Jamison to testify in narrative form but then sustained an objection that he was testifying in narrative form; (4) the trial court sustained an objection on the ground that testimony was repetitive when in fact it was not repetitive; (5) the trial court failed to grant the Plaintiffs' "Motion For New Hearing" on the ground that the appellees were represented by a second attorney without informing the Plaintiffs beforehand; (6) although defense witnesses contradicted themselves, the trial court "did not impeach" the witnesses and instead "allowed [the witnesses] to continue telling lies under oath" "and never threw out this dishonest testimony"; (7) the trial court "told Appellant to stop interrupting the witness immediately after the witness interrupted Appellant," "admonished Appellant not to interrupt the witness who had just interrupted him," and "added insult to injury by telling Appellant who was doing the questioning, not to be argumentative, when it was Appellee who was being dishonest, evasive and argumentative as a hostile witness"; (8) the trial court "demonstrated callous indifference to the fact that Appellees were directly responsible for the sudden termination of crucial medical treatment that was vital to the mental health of Appellant, Thomas Lowe"; (9) the trial court "was presented evidence that it chose to simply ignore and its ruling does not even resemble anything akin to justice"; and (10) when the defense attorney objected without stating the grounds for his objection, the trial court suggested the grounds and sustained the objection.

Judicial rulings alone almost never constitute a valid basis for showing the trial court's bias or impartiality, and judicial remarks that are critical, disapproving, or even hostile to a party or counsel do not demonstrate bias—nor do expressions of impatience, annoyance, or even

6

anger. *See Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 240 (Tex. 2001); *Spears v. Falcon Pointe Cmty. Homeowner's Ass'n*, No. 03-14-00650-CV, 2016 WL 1756486, at *6 (Tex. App.—Austin Apr. 28, 2016, no pet.) (mem. op.); *Thomas v. Graham Mortg. Corp.*, 408 S.W.3d 581, 595–96 (Tex. App.—Austin 2013, pet. denied). Moreover, although the Plaintiffs correctly assert that the trial court helped supply the grounds for one of the Park's objections and that the trial court at times expressed displeasure with the Plaintiffs, the record reveals that the trial court also assisted the Plaintiffs and occasionally expressed impatience or annoyance with the Park's attorneys. We cannot conclude, based on the record before us, that the trial court exhibited bias or impartiality. Accordingly, we overrule the Plaintiffs' third issue.

**Issue 4**

In their fourth and final issue, the Plaintiffs contend that the trial court "failed to correctly apply the laws regarding what constitutes a property interest that creates a landlord/tenant relationship" and failed "to recognize elements of fraud in Appellee's lease agreement that they claim to be a site service agreement." The Plaintiffs also contend that the trial court "failed to correctly apply the law with regard to security deposits."

The elements of common-law fraud are: (1) a material representation; (2) which was false; (3) which was known to be false when made or was made recklessly as a positive assertion without knowledge of its truth; (4) which was intended to be relied upon; (5) which was relied upon; and (6) which caused injury. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001); *Berger v. Flores*, No. 03-12-00415-CV, 2015 WL 3654555, at *8 (Tex. App.—Austin June 12, 2015,

7

no pet.) (mem. op.). Here, the Park's service agreement provided, "This is a Month to Month agreement. Either party may terminate this agreement at any time, for any reason, with 30 day written notice." The agreement also stated, "Under no circumstances should you consider yourself a tenant with a lease" and, "You are NOT under a landlord/tenant arrangement: THEFT OF SERVICES APPLIES." The Plaintiffs have not cited any relevant authority in support of their argument that the Park's service agreement created a landlord-tenant relationship despite its explicit statement to the contrary. Therefore, the Plaintiffs have not established that the service agreement contained a false material representation. Moreover, even if the agreement's statement that it created no landlord-tenant relationship was false, the Plaintiffs presented no evidence at trial that the Park knew that this representation was false or was reckless as to its falsity. For these reasons, we cannot conclude that the trial court committed reversible error in rendering a take-nothing judgment as to the Plaintiffs' fraud claim.

Finally, the Plaintiffs contend that the trial court should have concluded that the Park was required to return the Plaintiffs' security deposit. According to the Plaintiffs, "[w]hat Appellee's [sic] are doing is collecting money upon move-in for an electric bill that hasn't even been generated yet," and "[t]his constitutes fraud." However, the service agreement specified that the Park would collect a security deposit that it would return to the Plaintiffs "less any amounts you owe" and also explains how electricity payments would be made. The Plaintiffs have not cited any authorities or made any legal arguments in support of their contention that the Park was required to return the security deposit despite the Plaintiffs' unpaid electric bill.

Finding no reversible error in the Plaintiffs' fourth issue, we overrule it.

8

**CONCLUSION**

We affirm the trial court's judgment.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   July 13, 2017