

**NUMBER 13-20-00510-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE CHRISTOPHER WAYNE HOLT**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

Relator Christopher Wayne Holt, proceeding pro se, filed a petition for writ of mandamus in the above-referenced cause on November 25, 2020. By five issues, relator seeks to set aside an oral order which apparently holds relator in contempt, but suspends confinement, for violations of a previous order regarding child custody and possession. Relator has also filed a "Motion for Suspension of Rules" asking this Court to suspend the application of the appellate rules that, inter alia, require him to provide a record of the trial court's ruling, the applicable reporter's records, and all documents that are relevant to his clam for relief. *See* TEX. R. APP. P. 2; *id.* R. 52.3(k); *id.* R. 52.7.

Mandamus is both an extraordinary remedy and a discretionary one. *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). For mandamus to issue, the relator must show that the trial court abused its discretion and that no adequate appellate remedy exists to cure the error. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re Christus Santa Rosa Health Sys.*, 492 S.W.3d 276, 279 (Tex. 2016) (orig. proceeding). The relator bears the burden of proving both requirements. *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). This burden requires that relator provide the reviewing court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7; *Walker*, 827 S.W.2d at 837; *In re Carrington*, 438 S.W.3d 867, 868 (Tex. App.—Amarillo 2014, orig. proceeding); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the limited record provided, is not "of the tentative opinion that relator is entitled to the relief sought or that a serious question concerning the relief requires further consideration." TEX. R. APP. P. 52.8(b). As relator has acknowledged, the record is deficient insofar as it fails to include documents that are material to relator's claim for relief and fails to include transcripts of the relevant trial court proceedings. *See* TEX. R. APP. P. 52.7; *Walker*, 827 S.W.2d at 837; *In re Carrington*, 438 S.W.3d at 868; *In re Davidson*, 153 S.W.3d at 491. And further, relator has not provided the Court with a written ruling or the reporter's records indicating that a clear and specific oral ruling has been made. See *In re State ex rel. Munk*, 448 S.W.3d 687, 690 (Tex. App.—Eastland

2014, orig. proceeding); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding); *see also* Tᴇx. R. Aᴘᴘ. P. 52.3(k)(1)(A) ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of."). Accordingly, we deny relator's motion for the suspension of the appellate rules. We deny the petition for writ of mandamus without prejudice.

LETICIA HINOJOSA
Justice

Delivered and filed the
2nd day of December, 2020.