# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00125-CV

---

**In re Martin Cuellar**

---

### ORIGINAL PROCEEDING FROM COMAL COUNTY

---

## M E M O R A N D U M   O P I N I O N

Relator Martin Cuellar, an inmate in the Comal County Jail, has filed an ambiguously captioned *pro se* appellate submission with this Court entitled "Abuse-of-Discretion Review," complaining of a restitution order entered pursuant to a plea agreement in cause number CR2023-753B and of ineffective assistance of counsel. Having reviewed the filing, we treat the submission as a petition for writ of mandamus and deny the petition. *See* Tex. R. App. P. 52.8(a).

The petition does not make clear the precise nature of the relief sought nor the person or persons to whom the requested writs should issue. To the extent Cuellar seeks relief that is within this Court's jurisdiction to grant, it is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the

extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661–62 (Tex. App.—Texarkana 2008, orig. proceeding); *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.7(a) (specifying required contents for record), 52.3(k) (specifying required contents for appendix).

Based on his failure to provide any record, we conclude that Cuellar has failed to show an entitlement to relief. Accordingly, we deny the petition for writ of mandamus and dismiss the pending motion as moot. *See* Tex. R. App. P. 52.8(a).

_____

Edward Smith, Justice

Before Chief Justice Byrne, Justices Smith and Theofanis

Filed: March 19, 2024