# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00306-CV

**In re Robert Joseph Yezak**

## ORIGINAL PROCEEDING FROM BELL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Robert Joseph Yezak, an inmate in Bell County, has filed a pro se appellate submission with this Court entitled "Request for Mandamus Relief or Notice of Appeal," complaining of the trial court's alleged failure or refusal to rule on petitions for habeas relief and requests for findings of fact and conclusions of law allegedly pending in multiple causes for more than three months. For the reasons discussed herein, we treat the submission as a petition for writ of mandamus and deny the petition. *See* Tex. R. App. P. 52.8(a).

When a mandamus petition is based on an allegation that a trial court has failed to rule on a properly filed motion, the relator must establishes that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time. *In re Whitfield*, No. 03-18-00564-CV, 2018 WL 4140735, at *1 (Tex. App.—Austin Aug. 29, 2018, no pet.) (citing *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding)). Here, Yezak asserts that he filed his motion approximately three months ago. Even if we were to assume that the district

court was made aware of the motion at that time, three months does not ordinarily constitute an unreasonable length of time for a motion to remain pending. *Id*. (citing *In re Blakeney*, 254 S.W.3d 659, 662–63 (Tex. App.—Texarkana 2008, orig. proceeding)).

Moreover, it is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661–62; *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.7(a) (specifying required contents for record), 52.3(k) (specifying required contents for appendix). Yezak has failed to provide this Court with a file-stamped copy of the submissions allegedly pending before the trial court, so there is no way for us to determine when or even if they were filed properly in the court below.

On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, his petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed: May 23, 2025