**Opinion issued January 22, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-26-00045-CV

_____

### IN RE JAMES MCCOY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, James McCoy, currently incarcerated and proceeding pro se, filed a petition for a writ of mandamus asserting that the trial court failed to perform a ministerial duty "to adequately address [r]elator's Motion to Redress properly filed

and before the [trial] court."[1]  Relator requested that this Court issue a writ of mandamus directing the trial court to "promptly address his Motion to Redress."

"A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time."  *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).  Consequently, mandamus relief may issue to compel a trial court to rule on a motion when the trial court does not rule in a timely fashion.  *See In re OxyVinyls, LP*, No. 01-23-00708-CV, 2023 WL 8938412, at *3 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, orig. proceeding) (mem. op.).

However, to be entitled to mandamus relief for failure to perform a ministerial duty, a relator must establish that the trial court (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so.  *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).  We may not conclude that the trial court has failed or refused to act if relator does not establish that the trial court was aware of its obligation to act.  *See In re Blakeney*, 254 S.W.3d at 662 ("The trial court is not required to consider a motion unless it is called to the court's attention.").

Here, while relator has included a file-stamped copy of his "Motion to Redress" in the mandamus record, there is no showing that the motion has been

---

[1] The underlying case is *James McCoy v. Sylvia Hightower*, Cause No. 036819, in the 506th District Court of Grimes County, Texas, the Honorable Gary W. Chaney presiding.

brought to the attention of the trial court. *Id.* ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling."). Nor does the mandamus record include any evidence that relator has made a demand on the trial court to rule on the motion. *See In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding) (concluding relator was not entitled to mandamus relief where relator failed to show "that demand has been made upon [trial court] for action on the alleged motion filed with the trial court clerk").

Accordingly, we conclude that relator has failed to establish he is entitled to mandamus relief, and therefore, the Court denies relator's petition for writ of mandamus. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Dokupil.