# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00276-CV

### In re Sidney Earl Parker

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## MEMORANDUM OPINION

Relator Sidney Earl Parker, an inmate with the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus complaining of the trial court's alleged failure or refusal to rule on his motion for a hearing transcript pending since September 15, 2025. For the reasons discussed herein, we deny the petition. *See* Tex. R. App. P. 52.8(a).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d at 661–62 (Tex. App.–Texarkana 2008, no pet.); *see also* Tex. R. App. P. 52.7(a)(1) (relator must file with petition "a

certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). When a mandamus petition is based on an allegation that a trial court has failed to rule on a properly filed motion, the relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time. *In re Whitfield*, No. 03-18-00564-CV, 2018 WL 4140735, at *1 (Tex. App.—Austin Aug. 29, 2018, no pet.) (mem. op.) (citing *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding)).

Parker has failed to provide this Court with copies of any correspondence with the trial judge (or appropriate court coordinator) expressly requesting a hearing on the motion. On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, his petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Ellis

Filed: April 3, 2026