**Opinion issued April 28, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-26-00396-CV**

_____

**IN RE LISA MARIE CLONTZ, Relator**

**Original Proceeding on Petition for Writ of Mandamus**

## MEMORANDUM OPINION

Relator, Lisa Marie Clontz, proceeding pro se, filed a petition for a writ of mandamus "challeng[ing] the trial court's failure to rule on long-pending motions, including a motion to transfer venue and motion to reinstate."[1]  Relator requested

---

[1]  The underlying case is *In the Matter of the Marriage of Lisa Marie Clontz and Edward John Kuntze III*, Cause No. 2023-06691, in the 309th District Court of Harris County, Texas, the Honorable Linda Dunson presiding.

that this Court issue a writ of mandamus directing the trial court to "promptly rule on [r]elator's Motion to Transfer Venue and Motion to Reinstate."

"A trial court is required to consider and rule on a properly filed and pending motion within a reasonable time." *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). Consequently, mandamus relief may issue to compel a trial court to rule on a motion when the trial court does not rule in a timely fashion. *See In re OxyVinyls, LP*, No. 01-23-00708-CV, 2023 WL 8938412, at *3 (Tex. App.—Houston [1st Dist.] Dec. 28, 2023, orig. proceeding) (mem. op.) (granting mandamus relief where trial court failed to rule on motion to compel arbitration seven months after filed and five months after motion was set on trial court's submission docket).

However, to be entitled to mandamus relief based on a failure to perform a ministerial duty, a relator must establish that the trial court (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so. *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). We may not conclude that the trial court has failed or refused to act if relator does not establish that the trial court was aware of its obligation to act. *See In re Blakeney*, 254 S.W.3d at 662.

Here, relator has included a file-stamped copy of her "Motion to Transfer Venue" and "Motion to Reinstate and Withdraw Attorney" in her mandamus record.

2

But the record presented to this Court fails to show that the motions have been presented to, or brought to the attention of, the trial court. *Id.* ("Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling.").

Nor does the mandamus record include any evidence that relator has made a demand on the trial court to rule on her motions. *See* TEX. R. APP. P. 52.7(a)(1) (requiring relator to file "certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding); *see also In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding) (concluding relator was not entitled to mandamus relief where relator failed to show "that demand ha[d] been made upon [trial court] for action on the alleged motion filed with the trial court clerk"). While relator's mandamus record does include a document titled, "Emergency Request for Hearing by Submission, Motion for Ruling on Pending Motions, to Compel Performance of Ministerial Duty, and Application for Temporary Injunction," there is no indication in the mandamus record that this document was filed with the trial court, let alone that it was "brought to the trial court's attention or presented to the trial court with a request for a ruling." *In re Blakeney*, 254 S.W.3d at 662.

Accordingly, we conclude that relator has failed to establish she is entitled to mandamus relief, and therefore, the Court denies relator's petition for writ of mandamus. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Gunn, Caughey, and Morgan.