# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00370-CV

## In re Stephen Charles Hernandez

### ORIGINAL PROCEEDING FROM COMAL COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Stephen Charles Hernandez, an inmate with the Texas Department of Criminal Justice, has filed a pro se petition for writ of mandamus complaining of the trial court's failure or refusal to rule on a "Motion Compelling Attorney To Surrender Client File" allegedly pending since November 12, 2024. For the reasons discussed herein, we deny the petition. *See* Tex. R. App. P. 52.8(a).

It is relator's burden to properly request and show entitlement to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661–62 (Tex. App.—Texarkana 2008, orig. proceeding) ; *see also* Tex. R. App. P. 52.7(a)(1) (relator

must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"), 52.7(a) (specifying required contents for record), 52.3(k) (specifying required contents for appendix). When a mandamus petition is based on an allegation that a trial court has failed to rule on a properly filed motion, the relator must establish that the trial court: (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) either refused to rule on the motion or failed to rule within a reasonable time. *In re Whitfield*, No. 03-18-00564-CV, 2018 WL 4140735, at *1 (Tex. App.—Austin Aug. 29, 2018, no pet.) (citing *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding)).

Here, Hernandez has not provided this Court with a record or certified or file-stamped copy of the motion allegedly pending before the trial court or of correspondence from Hernandez addressed to the trial judge (or appropriate court coordinator) expressly requesting a hearing on the motion. True, relator provided an unofficial docket sheet that appears to have been printed from the public website of Comal County, Texas, and to show that a motion of some kind was filed on November 12, 2024. However, neither the substance of the motion nor even the cause number of the underlying case is visible on the putative docket sheet.

On this record, we conclude that relator has failed to show entitlement to mandamus relief. Accordingly, his petition for writ of mandamus is denied. *See* Tex. R. App. P. 52.8(a).

2

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Filed:   July 16, 2025